## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Chapter 7 |
| | ) | Case No.  10 B 18417 |
| COOPER STAIR COMPANY, INC., | ) | Honorable A. Benjamin Goldgar |
| | ) | Motion Date:  January 6, 2012 |
| Debtor. | ) | Motion Time:  1:30 p.m. |

### NOTICE OF MOTION

TO:    See Attached Service List

PLEASE TAKE NOTICE THAT on January 6, 2012, at the hour of 1:30 p.m., a **FINAL APPLICATION FOR COMPENSATION OF COUNSEL FOR THE DEBTOR FOR FEES INCURRED PRIOR TO THE CONVERSION OF THE CASE** shall be heard by the Honorable A. Benjamin Goldgar of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Park City Branch Court, Courtroom B, 301 Greenleaf Avenue, Park City, Illinois 60085.  A copy of same is attached hereto and thereby served upon you.  You may appear if you so see fit.

GOLAN & CHRISTIE LLP

### AFFIDAVIT OF SERVICE

I, Beverly A. Berneman, an attorney, certify that the above captioned Notice of Motion and Final Application for Compensation of Counsel for the Debtor were served upon the parties who receive notice via CM/ECF filing and those who receive notice via Regular Mail with postage pre-paid from 70 W. Madison, Chicago, IL 60602 on December 15, 2011.

/s/Beverly A. Berneman
Beverly A. Berneman

GOLAN & CHRISTIE LLP
70 W. Madison, Ste. 1500
Chicago, Illinois  60602
312-263-2300

## SERVICE LIST

Joseph E. Cohen, as Trustee
Cohen & Krol
105 W. Madison, Ste. 1100
Chicago, IL 60602

Patrick S. Layng
United States Trustee
219 S. Dearborn, #873
Chicago, IL 60604

1212 South Butterfield, LLC
1165 Furlong Drive
Libertyville, IL 60048

ADT Security Systems
P.O. Box 371967
Pittsburgh, PA 15250

AM Sutton Associates, Inc.
c/o Jeffrey Hulse
295 North Country Road
Sound Beach, NY 11789

AXA Equitable Payment Center
Box 371459
Pittsburgh, PA 15250-7459

AXA Equitable/Equi-Vest
P.O. Box 13463
Newark, NJ 07188

Abrasive Solutions
432 Raintree Drive
Oswego, IL 60543

Accident Fund
P.O. Box 7700 Dept. 77125
Detroit, MI 48277-0125

Aileen Rankin
c/o Tierney & Tierney
409 Route 112, PO Box 995
Port Jefferson Station, NY 11776

Alan H Kirk, Inc. and Alan H Kirk
c/o Mazzara & Small, PC
800 Veterans Memorial Hghwy
Ste LL5
Hauppauge, NY 11788

Alpine Plywood Corp.
12210 Silver Spring Road
Milwaukee, WI 53225

Amerifax Data Corporation
P.O. Box 517
Germantown, WI 53022

Associated Agencies, Inc.
1701 Golf Road Tower 3
7th Floor
Rolling Meadows, IL 60008

Atlas Saw & Tool Inc.
7801 Industrial Court
Suite B
Spring Grove, IL 60081

Avaya Inc.
P.O. Box 5125
Carol Stream, IL 60197

BIK & Co., LLP.
300 Center Drive, Suite 100
Vernon Hills, IL 60061-1525

Marlin Leasing Corporation
300 Fellowship Road
Mount Laurel, NJ  08054

Bisco Enterprise
305 Fairbank St
Addison, IL 60101-3123

Blackman Kallich Bartelstein
2796 Eagle Way
Chicago, IL 60678

Cannon Financial Services, Inc.
14904 Collections Center Drive
Chicago, IL 60693

Canon Financial Services, Inc.
P.O. Box 4004
Carol Stream, IL 60197

Century Electric Supply
168 Peterson Road
Libertyville, IL 60048

Chicago Regional Council of Carpenters,
et al. c/o Travis J Ketterman/Gregory
Freerksen
Whitfield McGann & Ketterman
111 E Wacker Dr., Ste 2600
Chicago, IL 60601

Harris Bank
c/o Richard M Bendix, Jr
Dykema Gossett PLLC
10 South Wacker Drive Suite 2300
Chicago, IL 60608

Chicago Regional Council of Carpenters,
et al. c/o Christopher L Muniz/Bruce C.
Scalambrino
Scalambrino & Arnoff, LLP
One North LaSalle Street, Suite 1600
Chicago, IL 60602

D. Patrick Mullarkey
Tax Division (DOJ)
PO Box 55
Ben Franklin Station
Washington, DC 20044

Acura Financial Services
PO Box 60001
City of Industry, CA 91716

Bank of America
PO Box 15220
Wilmington, DE 19886

The Walter Mc Ilvain Co.
901 Muirfield Road
Bryn Mawr, PA 19010

Precision Wood Turning
1215 South Grandview Blvd.
Waukesha, WI 53188

Dept. of Treasury
Internal Revenue Service
Cincinnati, OH 45999

Greater Bay Capital
Now Known As Wells Fargo Fncl
PO Box 7777
San Francisco, CA 94120

Cincinnati Insurance Companies
P.O. Box 145620
Cincinnati, OH 45250-5620

Elegant Rails & Stairs
c/o Patrick Aurilia
Lewis Johs Avallone Aviles, LLP.
425 Broad Hollow Road
Melville, New York  11747

Groot Industries, Inc.
PO Box 1305
Elk Grove Village, IL 60009

Comcast
P.O. Box 3002
Southeastern, PA 19398-3002

Elite Architectural Metal Supply
P.O. Box 1301
Elk Grove Village, IL 60009

XO Communications
c/o James Stevens & Daniels
1283 College Park Drive
Dover, DE 19904-8713

Computer Help Key, Inc.
655 Rockland Road
Suite 8
Lake Bluff, IL 60044

Employer Plan Services
2180 N. Loop
Suite 400
Houston, TX 77018

Humana Insurance Co.
PO Box 533
Carol Stream, IL 60132

Constellation NewEnergy Inc
c/o Bruce J Ruzinsky & D Elaine
Conway
Jackson Walker LLP
1401 McKinney Street, Suite 1900
Houston, Texas 77010

Euclid Managers
234 Spring Lake Drive
Itasca, IL 60143

Internal Revenue Service
Mail Stop 5010 CHI
230 S. Dearborn Street
Chicago, IL 60604

Courmatt International, Inc.
2117 S. 48th St.
Suite 104
Tempe, AZ 85282

FDC Digital Imaging Solutions
1429 Jeffrey Drive
Addison, IL 60101

Illinois Department of Revenue
33 S. State Street, 10th Floor
Chicago, IL 60603

Creative Iron Solutions
31 W. 335 Schoger Drive
Naperville, IL 60564

Fastenal Company
P.O. Box 978
Winona, MN 55987

Cooper Stair Company
c/o James L. Cooper
1165 Furlong Drive
Libertyville, IL 60048

DEX
P.O. Box 660835
Dallas, TX 75266

Fasteners Unlimited
1000 Brown Street, Unit 104
Wauconda, IL 60084

Leaf Funding, Inc.
1818 Market St., 9th Floor
Philadelphia, PA 19103

Cooper Stair Company
c/o Deborah J. Cooper
1165 Furlong Drive
Libertyville, IL 60048

Frank Paxton Lumber Co., LLC
5701 West 66th Street
Chicago, IL 60638

Lube Oils, Inc.
P.O. Box 209
Gurnee, IL 60031

Dell Financial Services
P.O. Box 5292
Carol Stream, IL 60197

Franklin Interl
P.O. Box 710914
Columbus, OH 43271

Marlin Leasing
P.O. Box 13604
Philadelphia, PA 19101

Merritt Credit Bureau, Inc.
549 W. Randolph Sreet
Chicago, IL 60661

R.K.O. Saw & Tool, Inc.
424 E. Jackson
Cullom, IL 60929

Timesavers
135 South LaSalle
Dept 1536
Chicago, IL 60674

Meyer Saw
208 Hallberg St. Unit C
Delavan, WI 53115

Rayner & Rinn-Scott, Inc.
P.O. Box 362
Summit Argo, IL 60501

Uline
2200 S. Lakeside Drive
Waukegan, IL 60085

The Appalachian Hardwood
Lumber
5433 Perkins Rd.
Bedford, OH 44146

Richard and Sharon Kern,
c/o Wilson Elser Moskowitz
Edelman & Dicker
3 Gannett Drive
White Plains, NY 10604

Universal Building Systems
2291 Nevada Avenue North
Minneapolis, MN 55427

National Labor Relations Board
Region 13
209 S. LaSalle St., 9th Floor
Chicago, IL 60604

Sandpaper Inc. of Illinois
P.O. Box 2579
Glen Ellyn, IL 60138

Verizon
P.O. Box 25505
Lehigh Valley, PA 18002-5505

North Shore Gas
P.O. Box A3991
Chicago, IL 60690

Source Building Products, Inc.
25617 Gateway Blvd.
Tracy, CA 95377

Village of Mundelein
440 E. Hawley
Mundelein, IL 60060

Old Republic Surety Company
53 W. Jackson Blvd.
Ste. 1215, Monadnock Block
Chicago, IL 60604

Speed Fasteners Plus Inc.
1114 Dundee Avenue
Elgin, IL 60120-2212

Wells Fargo Financial Capital
PO Box 7777
San Francisco, CA 94120

Old Republic Surety Company c/o
Associated Agencies, Inc.
1701 Golf Rd., Tower 3, Ste. 700
Rolling Meadows, IL 60008

Suburban Gas Service
207 E. Main St.
Round Lake, IL 60073

Williams & McCarthy
120 W. State Street, 4th Floor
P.O. Box 219
Rockford, IL 61105

Peters & Lyons, Ltd.
7035 Veterans Blvd.
Burr Ridge, IL 60527

T & T Reproductions & Supplies
511 N. Second St.
Libertyville, IL 60048

Wood-Cutters Tooling, Inc.
4685 Spartan Industrial Dr SW
Grandville, MI 49418

Precision Screw Products, Inc.
1215 Karl Court, Suite 205
Wauconda, IL 60084

Cannon Business Solutions
15004 Collections Center Dr.
Chicago, IL 60693

Cole Hardwood
PO Box 66808
Indianapolis, IN 42666

Commonwealth Edison
PO Box 6111
Carol Stream, IL 60197

Sentry Security
339 Egidi Dr.
Wheeling, IL 60090

Golan & Christie LLP
70 W. Madison, Ste. 1500
Chicago, IL 60602

Guidance
PO Box 8211
Gurnee, IL 60031

Wisconsin Dept. of Revenue
PO Box 93931
Milwaukee, WI 53293

Towerleaf LLC
1680 Wright Blvd.
Schaumburg, IL 60193

Walnut Creek Planning
5778 SR 515
Millersburg, OH 44654

K&R
1009 Sheridan Road
Glencoe, IL 60022

Great Rooms
107 West Church St.
Libertyville, IL 60048

Hewitt Horn
400 North Paulina St.
Chicago, IL 60622

Pam Finney
48 Candlewood Dr.
North Barrington, IL 60010

Living Space Design
9055 N. 51st St., Unit J
Milwaukee, WI 53223

MJM Properties
38 Bridlewood Lane
Northbrook, IL 60062

Teschky/Leeb
824 Waukegan Road
Northbrook, IL 60062

T&T Construction
520 Executive Drive
Willowbrook, IL 60527

Teschky/Fishman
824 Waukegan Road
Northbrook, IL 60062

Wyntree Construction, Inc.
7170 Madaus St.
Lake Geneva, WI 53147

Tim Meyer
701 Eastchester Road
Wheeling, IL 60090

Traditional Concepts
964 North Shore Drive
Lake Bluff, IL 60044

Illinois Department of Revenue
Springfield, IL 19041

Lake County Collector
18 N. County St., Ste. 102
Waukegan, IL 60085

Illinois Department of Revenue
PO Box 19044
Springfield, IL 62794-9044

Larry Rosine
2700 Sunset Trail
Riverwoods, IL 60015

Wisconsin Department of Revenue
P.O. Box 8906
Madison, WI 53708-8906

John Lampe
624 Lewis St.
Burlington, WI 53105

Patty Grandt
1105 Midlothian Road
Lake Zurich, IL 6004

Jeff Grosvenor
1011 Rose Court
Woodstock, IL 60098

Cliff Anderson
39116 N. Rustic Drive
Lake Villa, IL 60046

Richard Johnson
20400 W. Landau Lane
Mundelein, IL 60060

Dan Heinz
10 Willoughby Court
Algonquin, IL 60102

William Horan
667 Asbury Court
Antioch, IL 60002

Kenneth Puchalski
4916 Glenbrook Trail
McHenry, IL 60050

Carlos Martinez
106 N. Park Ave.
Waukegan, IL 60085

Patrick Murphy
2 Auburn Court
Vernon Hills, IL 60061

Daniel Thiele
1910 Midday Dr.
Zion, IL 60099

Joshua Wallace
973 Pine Tree Circle S
Buffalo Grove, IL 60089

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Chapter 7 |
| | ) | Case No.  10 B 18417 |
| COOPER STAIR COMPANY, INC., | ) | Honorable A. Benjamin Goldgar |
| | ) | Motion Date: January 6, 2012 |
| Debtor. | ) | Motion Time:  1:30 p.m. |

## FINAL APPLICATION FOR COMPENSATION OF COUNSEL FOR THE
## DEBTOR FOR FEES INCURRED PRIOR TO THE CONVERSION OF THE CASE

The law firm of GOLAN & CHRISTIE LLP ("G&C"), counsel for the Debtor, COOPER

STAIR COMPANY, INC. ("Debtor"), applies to this Court for an order approving its final fees

application seeking $29,795.50 for services rendered from January 18, 2011 to July 25, 2011, and the

costs of preparing this fee petition in the amount of $1,312.00 for a total of $31,107.50. G&C also

seeks a finding that all fees and costs awarded in this and previous fee applications are necessary and

reasonable. In support thereof states as follows:

### I. JURISDICTION

This Court has jurisdiction over this Application pursuant to 28 U.S.C. §157 and §1334.

Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This matter is a core proceeding pursuant to

28 U.S.C. §157(b).

### II. GENERAL BACKGROUND

On April 26, 2010, (the "Petition Date"), Debtor filed a voluntary petition relief under

Chapter 11 of the United States Bankruptcy Code.

On May 24, 2010, this Court entered an order allowing the retention of Robert R. Benjamin

and Beverly A. Berneman as counsel for the Debtor. At the time, Mr. Benjamin and Ms. Berneman

were partners with the law firm of Querrey & Harrow, Ltd. On November 1, 2010, Mr. Benjamin and

Ms. Berneman became partners with the law firm of G&C. Pursuant to written direction from the

Debtor to Querrey & Harrow and Golan & Christie, Mr. Benjamin and Ms. Berneman continued to

represent the Debtor.

This final fee petition covers the period of January 18, 2011 through July 25, 2011 for the

fees owed to Golan & Christie LLP by the Debtor.

### III. CASE STATUS

Debtor is in the business of fabricating and installing stair systems in commercial and

residential buildings.

As a result of the downturn in the housing market, Debtor noticed that its once strong sales

figures were diminishing.

Debtor is a party to a collective bargaining agreement with the Chicago Regional Council of

Carpenters. As a "union shop" Debtor increasingly found itself in competition with non-union

companies who were able to operate at a lower cost. Therefore, Debtor saw its market share shrink.

Debtor had no alternative but to file for relief under the Bankruptcy Code.

After numerous hard fought battles with the unions, Debtor determined that it did not have

sufficient income to continue operations. Therefore, the Debtor acquiesced to the conversion of the

case to a case under Chapter 7 of the Bankruptcy Code.

### IV. DESCRIPTION OF THE APPLICATION FOR COMPENSATION

A.    <u>General Information.</u>  Rule 2016(a) of the Bankruptcy Rules requires a detailed

application for fees.  The primary objective of this fee application is to reveal sufficient information

to enable the court to determine whether the services rendered in representing the Debtor were

reasonable, actual and necessary.  G&C has provided accurate and detailed records of the services

which were made contemporaneously with the services performed. *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

The statement of services includes a summary, by category, of the work done and time expended in each category. Much care has been taken to properly categorize the activities to the degree possible. Billing judgment was used to exclude hours which were excessive, redundant or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 76 L.Ed.2d 40, 103 S.Ct. 1933 (1983); *In re Temple Retirement Community, Inc.*, 97 B.R. 333 (Bkrtcy. W.D.Tex. 1989); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

B.    <u>Billing Entries.</u>  G&C uses computerized time and billing software in the preparation of a fee petition. This interim fee petition contains a narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity. It contains a statement explaining the significance of the activity as well as the purpose, necessity and appropriateness of each such service. Where appropriate, it contains a statement of the effectiveness of the activity, alternatives considered, method for choosing the action taken, a statement of any difficult or unusual problems which arose in the case and the manner in which it was addressed. *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

C.    <u>Hourly Charges.</u>  G&C charges all clients, including for non-bankruptcy matters, $480.00 per hour for partner attorney time in court; $320.00 per hour for other partner attorney time, $275.00 per hour for associate time, $150.00 per hour for travel time and $80.00 per hour for paralegal time.

## V. Bankruptcy Local Rule 5081-1 Compliance

Bankruptcy Local Rule 5081-1 governs applications for compensation and reimbursements

for professional services in cases under Chapter 11. Counsel provides the following discussion in

compliance with Bankruptcy Local Rule 5081-1.

### A. Cover Sheet
### *[Local Rule 5082-1(A)]*

Counsel filed a cover sheet required by Local Rule 5082-1(A) simultaneously with the filling

of this application for compensation.

### B. Narrative Summary
### *Summary List Of All Principal Activities And Summary*
### *Of Total Compensation Requested In Connection With Each Activity*
### *[Local Rule 5082-1(B)(1)(a)]*

The summary of all activities is as follows:

| Activity Code | Description of Activity | Invoice Hours | Totals |
|---|---|---:|---:|
| ADM | Administration | 57.40 | 18,627.50 |
| EXC | Executory Contracts | 5.00 | 1,680.00 |
| FEE | Fee Petition | 4.10 | 1,312.00 |
| FIN | Financing | 25.30 | 8,240.00 |
| SOA | Sale of Assets | 3.90 | 1,248.00 |
| | | | |
| **TOTAL** | | **95.70** | **$31,107.50** |

### C. Narrative Summary
### *Summary Of All Principal Activities Including Details And Description Of Each*
### *Task And Activity And Total Compensation Sought In The Application, Hourly*
### *Rate For Each Professional Within Each Activity And*
### *Name And Position Of Each Professional*
### *[Local Rules 5082-1(B)(1)(b) and (d)]*

From January 18, 2011 to July 25, 2011, the Debtor has incurred $29,795.50 in fees at

G&C's customary hourly fee rates, as is more fully set forth in Exhibit A.

4

The billing rates for each attorney and paraprofessional are identified in Exhibit A and in section V.E. below.

The following is a detailed narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity:

*1.*   *ADMINISTRATION*

The activities in the general administration category are those activities which are a necessary part of the representation of the Debtor, such as communications with the Debtor regarding the Debtor's operations, reviewing court proceedings, reviewing monthly operating reports and other court filings, responding to inquiries from creditors, communicating the United States Trustee's office regarding issues related to the case and monitoring the Debtor's operations. In addition, the Union creditors filed a motion to dismiss or convert the case. Counsel represented the Debtor during the discovery phase of the motion and began preparing for the hearing. At that point the Debtor determined that it did not have sufficient income to support a feasible plan. As result, Debtor instructed counsel not to oppose the motion to dismiss or convert. The benefits of these services to the Debtor and its estate were both economic and non-economic. The economic benefits resulted in the Debtor operating smoothly during the reorganization process and assuring its compliance with the administrative requirements of a Chapter 11 debtor. The remainder of the services was of non-economic benefit to the Debtor by promoting the bankruptcy process and the smooth administration of the cases.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| R.R. Benjamin (RRB) | Partner | 18.10 | 320.00 | 5,792.00 |
| R.R. Benjamin (RRB) | Partner | 2.80 | 480.00 | 1,344.00 |
| B.A. Berneman (BAB) | Partner | 27.30 | 320.00 | 8,736.00 |
| B.A. Berneman (BAB) | Partner | 1.10 | 480.00 | 528.00 |
| L.A. Balson (LAB) | Associate | 8.10 | 275.00 | 2,227.50 |
| | | 57.40 | | $18,627.50 |

## 2.    EXECUTORY CONTRACTS

The primary issue in the case so far is the treatment of the collective bargaining agreements. Debtor initiated good faith negotiations with the union and their counsel. Debtor has brought a motion for interim and final relief under §1113 and §1114 of the Bankruptcy Code. Debtor continued to attempt to negotiate a settlement with the unions but they did not prove fruitful. The services benefited the estate on an economic basis by protecting the Debtor's estate for the benefit of creditors and the Debtor's ability to compete in a market that has been adjusted downward due to market conditions. The services benefited the estate on a non-economic basis by facilitating the bankruptcy process.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A.

A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| R.R. Benjamin (RRB) | Partner | 1.10 | 320.00 | 352.00 |
| R.R. Benjamin (RRB) | Partner | 0.50 | 480.00 | 240.00 |
| B.A. Berneman (BAB) | Partner | 3.40 | 320.00 | 1,088.00 |
| | | 5.00 | | $ 1,680.00 |

*3.*    FINANCING

G&C continued to negotiate post-petition debtor in possession financing with Harris Bank of Winnetka, N.A. until it ceased operations. The bank would only allow use of cash collateral in 13 week intervals. The bank also required weekly budget to actual reports from the Debtor. In many cases, the budget to actual reports generated questions from the bank and counsel for the Debtor facilitated resolution of the issues. The fees incurred resulted in an economic benefit to Debtor's estate by preserving the estate and providing the estate with the use of funds for its operations. The non-economic benefits resulted from aiding the administration of the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| R.R. Benjamin (RRB) | Partner | 0.50 | 320.00 | 160.00 |
| R.R. Benjamin (RRB) | Partner | 0.60 | 480.00 | 288.00 |
| B.A. Berneman (BAB) | Partner | 23.90 | 320.00 | 7,648.00 |
| B.A. Berneman (BAB) | Partner | 0.30 | 480.00 | 144.00 |
| | | 25.30 | | $8,240.00 |

*4.*    SALE OF ASSETS

As it became clear that the Debtor would not be in a position to reorganization, counsel explored the possibility of selling the assets of the Debtor. The sale would have required the cooperation of both Harris Bank and the Unions. Unfortunately, the Unions would not agree to allow a sale. The fees incurred resulted in an economic benefit to Debtor's estate by attempting to maximize the benefits to creditors. The non-economic benefits resulted from facilitating the bankruptcy process.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A.

A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| B.A. Berneman (BAB) | Partner | 3.90 | 320.00 | $1,248.00 |

## D. NARRATIVE SUMMARY
### STATEMENT OF TIME AND TOTAL COMPENSATION SOUGHT IN THE APPLICATION FOR PREPARATION OF CURRENT OR PRIOR APPLICATION FOR COMPENSATION
*[Local Rules 5082-1(B)(1)(c)]*

G&C requests reimbursement for the preparation of this Second Interim Fee Petition. G&C has constructed this detailed analysis of the fee petition as an aid to the Court and the creditors in determining the reasonableness of the fees requested. Counsel reviewed the fee entries and conducted a "business judgment" audit to insure that the fees requested were reasonable and necessary to the administration of the estate.

An itemized breakdown of the time expended in preparing this Final Interim Fee is attached hereto as Exhibit B.  A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| B.A. Berneman (BAB) | Partner | 4.10 | 320.00 | $1,312.00 |

## E. NARRATIVE SUMMARY
### HOURLY RATE FOR EACH PROFESSIONAL FOR WHOM COMPENSATION IS REQUESTED AND TOTAL NUMBER OF HOURS EXPENDED BY EACH PERSON AND TOTAL COMPENSATION SOUGHT FOR EACH
*[Local Rules 5082-1(B)(1)(d)]*

The summary of each professional and the compensation appears in the Detailed Statements of Services which were attached as Exhibits A and B to the interim fee petition. The summary is as follows:

| Name (Initials) | Position | Hours | Rates | Total |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 19.70 | 320.00 | 6,304.00 |
| Robert R. Benjamin (RRB) | Partner | 3.90 | 480.00 | 1,872.00 |
| Beverly A. Berneman (BAB) | Partner | 62.60 | 320.00 | 20,032.00 |
| Beverly A. Berneman (BAB) | Partner | 1.40 | 480.00 | 672.00 |
| Laura A. Balson (LAB) | Associate | 8.10 | 275.00 | 2,227.50 |
| **TOTAL** | | **95.70** | | **$31,107.50** |

### F. NARRATIVE SUMMARY
### STATEMENT OF COMPENSATION PREVIOUSLY SOUGHT AND ALLOWED
### *[Local Rules 5082-1(B)(1)(f)]*

This is applicant's second and final fee petition. However, it is Debtor's counsel's third fee petition.

G&C has received the following payments which have been applied to the amounts awarded in previous fee petitions.

| Date | Payor | Amount |
|---|---|---|
| December 7, 2010 | James Cooper | $10,000.00 |
| April 7, 2011 | James Cooper | $2,500.00 |
| April 7, 2011 | James Cooper | $2,500.00 |
| August 23, 2011 | James Cooper | $2,500.00 |
| August 23, 2011 | James Cooper | $2,500.00 |
| September 30, 2011 | Debbie Cooper and James Cooper | $5,000.00 |
| **Total** | | **$25,000.00** |

### G. NARRATIVE SUMMARY
### STATEMENT AS TO WHETHER THE REQUESTED FEES AND EXPENSES
### ARE SOUGHT TO BE ALLOWED OR BOTH ALLOWED AND PAID
### *[Local Rules 5082-1(B)]*

Counsel requests that the fees sought herein be allowed and paid in accordance with §507 of the Bankruptcy Code upon a distribution by the Chapter 7 Trustee.

### VI. CERTIFICATION

G&C certifies that it has hereby served a copy of the chronological itemization of services rendered to the Debtor. To date, G&C has not received an objection to the fees.

## VII. THE VALUE OF THE SERVICES FOR WHICH
### COMPENSATION IS SOUGHT AND PRESERVATION OF THE RETAINER

Section 330(a) of the Bankruptcy Code provides:

(a)    After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328 and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1003 of this title, or to the debtor's attorney:

(1)    reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a cases under this title; and

(2)    reimbursement for actual, necessary expenses.

The Bankruptcy Court has the independent authority and responsibility to determine the reasonableness of all fee requests, whether or not objections are filed. *In re Spanjer Brothers, Inc.,* 203 B.R. 85 (Bkrtcy. N.D.Ill., 1996); *In re Pettibone Corporation,* 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987). The burden of proof is on the applicant to show that the fees incurred were actual and necessary. *In re Spanjer Brothers, Inc.,* 203 B.R. 85, 89 (Bkrtcy. N.D.Ill., 1996); *In re Chicago Lutheran Hospital Association,* 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Pettibone Corporation,* 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987).

The representation of the Debtor adequately corresponds with the time and labor expended by G&C. The various issues involved required experienced bankruptcy counsel. G&C attorneys have over one-hundred (100) years combined experience in the area of bankruptcy law. Less experienced attorneys would not have handled the matters herein as efficiently and as effectively. Due to the substantial time expended on behalf of the Debtor, G&C was precluded from accepting cases requiring extensive representation during the initial phase of these cases. G&C was able to accomplish a great deal directed towards aiding the Debtor its reorganization efforts. Considering

the results obtained by G&C the amounts involved are fair and reasonable. This Court has reviewed and ruled upon numerous fee applications and is in a position to determine that the rates herein are reasonable.

## VIII. Objections

Any objections to this fee application should be submitted in writing, filed with this Court and delivered to counsel for the Debtor (address below) on or before December 30, 2011.

## IX. Conclusion

WHEREFORE, GOLAN & CHRISTIE LLP requests that this court enter an Order:

A.      Determining that the legal services and fees incurred in this and prior fee petitions were necessary and reasonable;

B.      Allowing final compensation as counsel for the Debtor in the amount of $29,795.50 for fees incurred from January 18, 2011 to July 25, 2011 plus the costs of preparing this fee petition in the amount of $1,312.00 for a total of $31,107.50; and

C.      Granting such other and further relief as this court may deem just and proper.

GOLAN & CHRISTIE LLP

By:  /s/ Beverly A. Berneman
Beverly A. Berneman

Robert R. Benjamin (ARDC # 0170429)
Beverly A. Berneman (ARDC # 06189418)
GOLAN & CHRISTIE LLP
70 W. Madison, Suite 1500
Chicago, Illinois 60602
(312)263-2300

11